1  THE DURINGER LAW GROUP, PLC
2  Stephen C. Duringer (SBN 134592)
   Edward L. Laird II (SBN 102534)
3  Eric J. Bautista (SBN 194847)
4  Robert M. Crissman (SBN 292299)
   181 S. Old Springs Road, 2nd Floor
5  P.O. Box 28270
6  Anaheim Hills, CA 92809
   (714) 279-1100 - Office
7  (714) 279-1109 - Fax
8
   Attorneys for Plaintiff:
9  Marmay, Inc.

> **DENIED**
> BY ORDER OF THE COURT
>
> The Moving Party has again failed to show extraordinary circumstances sufficient to warrant bypassing a regularly noticed motion in favor of ex parte relief.
>
> April 28, 2016
>
> **JOSEPHINE L. STATON**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARMAY, INC., | Case No. 8:16-cv-00611-JLS-KES |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | |
| BYUNG KIM, AND DOES 1 TO 10 INCLUSIVE, | |
| Defendants. | |

After review of the Plaintiff's Ex-parte Application for Remand of Case No. 30-2016-00833678-CL-UD-NJC filed in the Superior Court of California, County of Orange, North Justice Center, (Doc. 8), the Defendant's written opposition, if any, and finding good causes thereon, the Court hereby Remands this action to the California Superior Court for the County of County of Orange, North Justice Center for lack of subject matter jurisdiction for the following reasons:

//

1  \_\_\_  No basis for federal question jurisdiction has been identified:
2  \_\_\_  The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
3  \_\_\_  Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existences of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. V. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).
4  \_\_\_  The underlying action is an unlawful detainer proceeding, arising under and governed by the Law of the State of California.

\_\_\_  Diversity jurisdiction is lacking:
\_\_\_  Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).
\_\_\_  The Complaint does not allege damages in excess of $75,000, and removing defendants(s) has not plausibly alleged that the amount in controversy requirement has been met. Id.: see Dart

1       <u>Cherokee Basin Operating Co., LLC v. Owens</u>, No. 13-719,
2       2014 WL 7010692, at *6 (U.S. Dec. 15, 2014).
3   ___  The underlying unlawful detainer action is a limited civil action
4       that does not exceed $25,000.

6 IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED
7 to the Superior Court of California indicated above, for lack of subject matter
8 jurisdiction.

10 **IT IS SO ORDERED.**

**DENIED**
BY ORDER OF THE COURT

12 Dated: _____    _____
13                                              United States District Judge