JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-611-JLS (KESx)                               Date: June 29, 2016
Title: Marmay, Inc. v. Byung Kim et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                                  N/A   
    Deputy Clerk                                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                 Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND (Doc. 11)

     Before the Court is Plaintiff Marmay, Inc.'s motion to remand.  (Mot., Doc. 11.) Defendant Byung Kim, who is proceeding pro se, has not filed an opposition to the Motion.  The Court finds this matter appropriate for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing on this matter scheduled for July 1, 2016 at 2:30 p.m. is VACATED.  For the reasons stated below, the Court GRANTS the Motion.

## I.  BACKGROUND

     On February 3, 2016, Marmay filed an unlawful detainer action in Orange County Superior Court.  (Notice of Removal at 6, "Complaint," Doc. 1.)  The property at issue is located at 658 Oak Tree Street in Fullerton, California.  (Ian Kim Decl. ¶ 3, Doc. 11.) Based on the evidence in front of the Court, it appears Marmay purchased the property through a trustee's sale on January 12, 2016.  (*Id.*)  However, Marmay represents to the Court that "[t]he prior owner, Byung Kim, has refused to surrender possession."  (*Id.* ¶ 5.)  Although a trial in this matter was initially scheduled for March 14, 2016, "[j]ust prior to trial, [Kim] filed a Bankruptcy Petition."  (Bautista Decl. ¶ 4, Doc. 11.)  As a result of Kim's Chapter 7 filing, the bankruptcy court "imposed an automatic stay against most collection activities."  (*Id.*, Ex. 5, "Notice of Bankruptcy," Doc. 11-1.)  Thereafter,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-611-JLS (KESx)                                   Date: June 29, 2016
Title: Marmay, Inc. v. Byung Kim et al.

Marmay filed a motion for relief from the stay.  (Bautista Decl. ¶ 4.)  On March 30, 2016, the bankruptcy court granted Marmay's motion.  (Bautista Decl., Ex. 6, "Order Granting Relief from Stay," Doc. 11-1.)

On April 1, 2016, Kim removed the case to this Court.  (Notice of Removal, Doc. 1.)  According to the Notice, the basis for removal was 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334, provisions that relate to the Court's jurisdiction over cases with a connection to pending bankruptcy proceedings.  Subsequently, Marmay twice sought to remand the case to state court.  (First App. to Remand, Doc. 5; Second App. to Remand, Doc. 8.)  In each case, however, Marmay opted to proceed ex parte.  (*Id.*)  The Court denied each request because Marmay had "failed to show extraordinary circumstances sufficient to warrant bypassing a regularly noticed motion in favor of ex parte relief." (Order, Doc. 6; Order, Doc. 10.)

The instant Motion followed.  (Mot., Doc. 11.)  Included in Marmay's Motion was a proof of service confirming that copies of this Motion and the related documents were mailed to Kim on May 3, 2016.  (Mot., "Exhibits," at 25, Doc. 11-1.)  No opposition has been filed.

## II.   LEGAL STANDARD

When reviewing a notice of removal, "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.  DISCUSSION

Local Rule 7-9 provides that a party opposing a motion shall file an opposition brief no less than twenty-one days prior to the date on which a hearing is scheduled on

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-611-JLS (KESx)　　　　　　　　　　　　Date: June 29, 2016
Title: Marmay, Inc. v. Byung Kim et al.

the matter. *See* C.D. Cal. R. 7-9. Moreover, Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]" C.D. Cal. R. 7-12. Here, a hearing was scheduled for Marmay's Motion on July 1, 2016. (Order, Doc. 13.) Accordingly, Kim's opposition brief was due no later than June 10, 2016. No opposition brief has yet been filed. As a result, pursuant to Rule 7-12, the Court deems Kim's failure to respond as consent to granting the instant Motion. Moreover, this result is also warranted in light of the fact that the bankruptcy court in this matter has already determined that Marmay may pursue this action in Orange County Superior Court. In so ruling, the bankruptcy court implicitly recognized that Marmay's pursuit of its unlawful detainer action would not unnecessarily interfere with the bankruptcy proceeding. For the same reason, it would be improper for the Court to exercise jurisdiction pursuant to 28 U.S.C. § 1334.

### IV.　CONCLUSION

　　　For the reasons stated, the Court GRANTS Marmay's Motion. This case (Case No. 30-2016-00833678-CL-UD-NJC) is REMANDED to Orange County Superior Court. All other scheduled dates are VACATED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer:　tg